IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,357

In the Matter of JEFFERY A. SUTTON,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed May 26, 2017. Published censure.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause, and *Michael R. Serra*, Deputy Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*N. Trey Pettlon*, of Law Office of Pettlon & Ginie, of Olathe, argued the cause, and *Jeffery A. Sutton*, respondent, argued the cause pro se.

*Per Curiam*: This is an uncontested original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent, Jeffery A. Sutton, of Basehor, an attorney admitted to the practice of law in Kansas in 1989.

On September 7, 2016, the office of the Disciplinary Administrator filed a formal complaint against respondent, alleging violations of the Kansas Rules of Professional Conduct (KRPC). After the granting of a motion for an extension of time to file an answer, respondent filed an answer on October 19, 2016. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on November 10, 2016, at which the respondent appeared personally and by counsel. The hearing panel determined that respondent violated KRPC 1.4(b) (2017 Kan. S. Ct. R. 291) (communication); 8.4(c) (2017 Kan. S. Ct. R. 379) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(d) (2017 Kan. S. Ct. R. 379) (engaging in conduct prejudicial to the administration of justice).

1

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"8.     A.C. retained the respondent to represent her in a divorce proceeding, filed in Jefferson County, Kansas. The parties were able to resolve many issues, however, the parties could not come to an agreement about where the children would attend school. On May 6, 2015, the court heard the case, ordered that the children primarily reside with A.C., the mother, and ordered that the children continue attending school in McLouth, Kansas, where the father, B.D., resides.

"9.     Opposing counsel prepared a journal entry memorializing the court's decision. Pursuant to Supreme Court Rule 170, the journal entry was provided to the respondent. The respondent, however, did not sign the journal entry. Eventually, on June 18, 2016, the court entered the journal entry without the respondent's signature.

"10.     On June 24, 2015, the respondent filed a motion to modify the parenting plan. In the motion, the respondent acknowledged the court's order 'that the children will continue in their schooling at the McLouth (USD 342) School District.' The respondent informed the court that the mother was getting remarried and was buying a house in Tonganoxie. Finally, the respondent requested that the court enter an order allowing the children to attend school in the Tonganoxie School District.

"11.     On August 6, 2015, the mother enrolled the children in school at the Tonganoxie Elementary School.

"12.     On August 12, 2015, the father contacted the McLouth Elementary school by telephone to inquire about the children's enrollment for the upcoming school year. Jerome Johnson, the school principal, told the father that the children were not enrolled at McLouth Elementary School. The father then called the Tonganoxie

2

Elementary School to inquire about the children's enrollment. The father was told that the children had been enrolled at the Tonganoxie Elementary School.

"13.    On August 13, 2015, father's counsel filed a response to the respondent's motion to modify the parenting plan. On that same day, father's counsel filed a motion to enforce parenting time. The court scheduled a hearing on the pending motions for September 9, 2015.

"14.    On August 19, 2015, the mother sent an electronic mail message to the father which provided as follows:

'I wanted to give you all the information you will need in regards [*sic*] to the current school year. The kids are enrolled and will be attending Tonganoxie Elementary school. They start tomorrow. School starts at 7:55 am to 3:10 pm I hope you will take the time to review what the school has to offer the kids ie. [*sic*] computer labs, science lab, etc. They are very excited about the new school year. If there are any issues with picking them up on Friday or dropping them off on Monday at Tonganoxie Elementary School please let me know. This is in the best interest of the kids. Tonganoxie has so much to offer the kids. . . .'

"15.    On August 19, 2015, the father enrolled the children in the McLouth Elementary School.

"16.    On August 21, 2015, the father sent the mother an electronic mail message, which provided as follows:

'I want to inform you that I will be taking [*sic*] kids to McLouth for school Monday where they are enrolled and [*sic*] court order states they shall attend, file stamped June 18 2015 I will not be able to go along with what you have done as its [*sic*] not in the best interest of [*sic*] kids and in violation of a court order.'

3

"17.    On August 23, 2015, the mother sent the father an electronic mail message, which provided as follows:

'. . . I request that you speak with Mr. Hall ie. [*sic*] there is no current order that the children go to McLouth. . . . If you take them to McLouth tomorrow that is going to destroy them.'

"18.    On August 24, 2015, the respondent sent a letter to Mr. Johnson. In the letter, the respondent stated:

'This letter will serve to advise you that I represent [A.C.] concerning the enrollment of her children [] in the Tonganoxie School District. As you should know, the children, along with their mother, recently took up residence [in] Tonganoxie, Kansas 66086, which is located within the boundaries of USD 464. As a consequence of this new residence, my client has filed an application with the District court [*sic*] that has jurisdiction over this matter seeking to have a determination made about the district where the children will attend school moving forwards [*sic*]. Because my client's motion is pending, it is scheduled for a hearing on September 9, 2015, there is no order to resolve where they will be attending school. As I am sure you are aware, Kansas law provides that a student attend the school district of residency, which is why, pending a decision being made by the Court, that the children are enrolled in USD 464.'

Additionally, the respondent sent a nearly identical letter to the principal at the Tonganoxie Elementary School. The respondent acknowledged that the letters are not accurate and that a valid court order was in effect. The respondent explained that he did not carefully read the letters prior to sending them out. The respondent stated that he intended to inform the principals that a motion was pending and explain why his client was bringing the children to the Tonganoxie Elementary School.

"19.    On August 24, 2015, the father dropped the children off at the McLouth Elementary school. Prior to the start of school that day, the mother picked the children up

4

from McLouth Elementary School and, presumably, took them to the Tonganoxie Elementary School. On August 27, 2015, the father again dropped the children off at the McLouth Elementary School. Again, the mother picked up the children from the McLouth Elementary School prior to the beginning of the school day and, presumably, took them to the Tonganoxie Elementary School.

"20.     On August 25, 2015, counsel for the father filed an *ex parte* emergency motion to modify temporary custody, residency, and parenting time. On August 27, 2015, the court scheduled a hearing on the father's *ex parte* emergency motion to modify temporary custody, residency, and parenting time for September 1, 2015. At the hearing on September 1, 2015, the court ordered the parties to comply with the existing court order.

"21.     On September 9, 2015, the court took up the motions and a contempt action filed against the mother. After witnesses had been called, the court warned the respondent, 'you're on real thin ice,' 'you may want to withdraw,' and 'I think this is a reportable matter.' After consulting with his client, the respondent asked the court to set the matter over so that the mother could consult with another attorney. The respondent indicated that he would be moving to withdraw from the representation.

"22.     On September 25, 2015, Judge Gary L. Nafziger filed a complaint with the disciplinary administrator's office regarding the respondent's conduct.

"23.     On November 4, 2015, the court resumed the hearing. The mother appeared with new counsel. The mother was called to testify and she testified that the respondent gave her legal advice that led her to disregard the court's order. The court concluded that the mother's violation of the court's order was induced by the respondent's legal advice.

"24.     The respondent disputes the statements made by his client which led to the court's conclusion. The respondent testified that prior to the time his client enrolled the children in school, he did not have a discussion with his client about the children's school enrollment in the Tonganoxie Elementary School. The respondent asserted that he

5

advised his client that the court order required the children to attend school in McClouth. The respondent admitted, however, that the language of his letter confused his client.

"25.    Based on the respondent's response to the initial complaint as well as the respondent's testimony, it is clear that the respondent's client was a difficult client.

"*Conclusions of Law*

"26.    The respondent stipulated that he violated KRPC 1.4(b) and KRPC 8.4(d). Thus, the hearing panel concludes that the respondent violated KRPC 1.4(b) and KRPC 8.4(d). Additionally, based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 8.4(c), as detailed below.

"KRPC 1.4

"27.    KRPC 1.4(b) provides that '[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.' In this case, the respondent violated KRPC 1.4(b) when he failed to properly explain the effect and significance of the court's May 9, 2015, order to his client and when he confused the situation by writing letters to the two principals which included inaccurate information. Accordingly, based on the respondent's stipulation and the evidence presented, the hearing panel concludes that the respondent violated KRPC 1.4(b).

"KRPC 8.4(c)

"28.    'It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). The respondent engaged in conduct that involved dishonesty when he falsely stated to the two principals that no court order regarding school attendance was in effect when, in fact, an order was in effect. As such, based on the evidence presented, the hearing panel concludes that the respondent violated KRPC 8.4(c).

6

"KRPC 8.4(d)

"29.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he included inaccurate information in the letters to the principals which led to confusion and resulted in his client violating the court's order. Thus, based on the respondent's stipulation as well as the evidence presented, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"30.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"31.     *Duty Violated*.  The respondent violated his duty to his client to adequately communicate the effect and significance of the court's order. The respondent violated his duty to the public to maintain his personal integrity. Finally, the respondent violated his duties to the legal system and legal profession to accurately communicate the contents of the court's order.

"32.     *Mental State*.  The respondent negligently violated his duty.

"33.     *Injury*.  As a result of the respondent's misconduct, the respondent caused actual injury to his client, to the public, to the legal system, and to the legal profession.

"34.     *Aggravating and Mitigating Factors*.  Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be

7

imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

a. Prior Disciplinary Offenses. The respondent has been previously disciplined by the Kansas Supreme Court. On May 29, 1998, the Kansas Supreme Court censured the respondent for KRPC 1.15, KRPC 8.4(b), KRPC 8.4(c), and KRPC 8.4(g).

b. Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1989. At the time of the misconduct, the respondent had been practicing law for more than 25 years.

"35. Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

a. The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions. The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations.

b. Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney. The respondent is an active and productive member of the bar of Basehor, Kansas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by several letters received by the hearing panel.

c. Remorse. At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

8

d. _Remoteness of Prior Offenses._ The discipline imposed in 1998 is remote in time to the misconduct in this case.

"36. In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'5.13 Reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.'

'6.23 Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.'

"*Recommendation*

"37. The disciplinary administrator argued that if the hearing panel finds the respondent engaged in dishonest conduct, the appropriate discipline is a short suspension. The disciplinary administrator argued that if the hearing panel concludes that the respondent did not engage in dishonest conduct, the appropriate discipline is censure to be published in the Kansas Reports.

"38. Counsel for the respondent recommended that the hearing panel informally admonish the respondent. Alternatively, counsel for the respondent argued that the hearing panel recommend that the respondent be censured and that the censure be published in the Kansas Reports. Finally, counsel for the respondent argued that the respondent appears to be a good candidate for probation and urged the hearing panel to consider his plan of probation.

"39. From the evidence presented, it is clear that the respondent's client was a difficult client to handle. Regardless of whether a client is difficult to handle, however, the respondent should have carefully read the letter prior to sending it to make sure that it

9

accurately reflected the court's order regarding school attendance. Further, the hearing panel believes that the disciplinary process has provided the respondent with the opportunity to reflect on his misconduct. Finally, the hearing panel believes that the chance that the misconduct will be repeated is remote. As an aside, the hearing panel recommends to the respondent that should he find himself with another difficult client, he should first consult with a colleague regarding appropriate action to take.

"40.     Based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be censured and that the censure be published in the Kansas Reports.

"41.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2017 Kan. S. Ct. R. 251). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer stipulating to violations of KRPC 1.4(b) (2017 Kan. S. Ct. R. 291) (communication) and 8.4(d) (2017 Kan. S. Ct. R. 379) (engaging in conduct prejudicial to the administration of justice). Respondent was also given adequate notice of the hearing before the panel where he appeared by counsel and in person. He filed no exceptions to the final report of the hearing panel, which found violations of KRPC 1.4(b), 8.4(c)

10

(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(d). With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2017 Kan. S. Ct. R. 255). Furthermore, the evidence before the hearing panel establishes the charged misconduct in violation of KRPC 1.4(b) and 8.4(d) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions regarding those standards.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the panel hearing, the office of the Disciplinary Administrator recommended that if the panel found the respondent engaged in dishonest conduct, the appropriate discipline would be a short suspension; however, if the panel found that the respondent did not engage in dishonest conduct, the appropriate discipline would be published censure. Respondent requested informal admonishment, published censure, or probation according to the proposed plan he presented to the panel. The hearing panel unanimously recommended that the respondent be disciplined by published censure.

At the hearing before this court, the Disciplinary Administrator recommended that the respondent be suspended for a period of 2 years, that the suspension be stayed, and that respondent be placed on probation in accordance with his proposed plan. Respondent requested published censure.

In making its disciplinary determination, the court observes that the panel found respondent provided "inaccurate" information in his letters to the two principals, resulting in violations of KRPC 1.4(b) and 8.4(d). Merely providing inaccurate information can be consistent with its finding of his mental state that he "negligently" violated his duty. But the panel also found respondent violated KRPC 8.4(c) by engaging in conduct "that involved *dishonesty* when he falsely stated to the two principals that no court order regarding school attendance was in effect when, in fact, an order was in effect." (Emphasis added.)

11

Dishonest statements usually are inaccurate. But inaccuracy is not necessarily indicative of dishonesty, hence the questionable result of "negligent dishonesty." "Dishonest" has been defined as "*disposed* to lie, cheat, defraud or deceive." (Emphasis added.) The American Heritage Dictionary of the English Language 378 (1981). By contrast, misrepresentation—a form of misconduct that is also covered by KRPC 8.4(c)—can be merely negligent. See *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 604-06, 876 P.2d 609 (1994). As the American Bar Association Standards recommend a reprimand for conduct that involves dishonesty (Standard 5.13) as well as for conduct that is negligent (Standard 6.23), this court holds that respondent should be disciplined by published censure.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Jeffery A. Sutton be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2017 Kan. S. Ct. R. 234), effective upon the date of the filing of this opinion.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.

LUCKERT, J., not participating.

KATHRYN GARDNER, J., assigned.[1]

---

[1]**REPORTER'S NOTE:** Judge Gardner, of the Kansas Court of Appeals, was appointed to hear case No. 117,357 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-3002(c).